# FIFTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA
_____

Case No. 5D2025-2517
LT Case Nos. 2024-31862-COCI
2025-10132-COCI
_____

STEVEN MATTHEW HAHN,

Appellant,

v.

MITCHELL SHANE HENDERSON
and MARIA ELISSA JULIETTE
DESCHAMPS,

Appellees.

_____


On appeal from the County Court for Volusia County.
Katherine H. Miller, Judge.

Steven Matthew Hahn, Holly Hill, pro se.

No Appearance for Appellees.

July 24, 2026


PER CURIAM.

The parties to this appeal are next-door neighbors in Holly Hill, Florida. Appellant, who was the plaintiff below, filed separate cases against Appellees in small claims court. In one case, Appellant sought $4,998.00 in damages regarding Appellees' removal of a chain link fence. In a separate case, Appellant

requested damages in the sum of $2,000.00 alleging that Appellees breached an agreement between the parties related to certain brick pavers or, alternatively, the sum of $1,800.00 in damages "to replace the concrete edge restraint" that Appellant asserted Appellees had damaged.

The trial court properly exercised its discretion in consolidating these two cases for a bench or nonjury trial and, after receiving evidence, testimony, and argument from the parties, rendered final judgment in favor of Appellees on all claims and causes of action raised by Appellant. The court found the chain link fence was not located on Appellant's property; thus, Appellant had no possessory interest in the fence. On Appellant's claim for damages regarding the pavers, the court found that Appellant did not meet his burden of proof that the contract, whether written or oral, was breached, nor were Appellees obligated to Appellant on his alternative basis for damages. Appellant has timely appealed.

We affirm the final judgment in all respects. *See Applegate v. Barnett Bank of Tallahassee*, 377 So. 2d 1150, 1152 (Fla. 1979) (providing that the decision of the trial court has the presumption of correctness); *Universal Beverages Holdings, Inc. v. Merkin*, 902 So. 2d 288, 290 (Fla. 3d DCA 2005) ("[W]hen a cause is tried without a jury, the trial judge's findings of fact are clothed with a presumption of correctness on appeal, and these findings will not be disturbed unless the appellant can demonstrate that they are clearly erroneous." (citing *Federated Dep't Stores, Inc. v. Planes*, 305 So. 2d 248, 248–49 (Fla. 3d DCA 1974); *Hill v. Coplan Pipe & Supply Co.*, 296 So. 2d 567, 568 (Fla. 3d DCA 1974))); *Marsh v. Marsh*, 419 So. 2d 629, 630 (Fla. 1982) ("The credibility of the witnesses and the weight given their testimony, however, is a question for the trial court." (citations omitted)); *Meyers v. Meyers*, 295 So. 3d 1207, 1213 (Fla. 2d DCA 2020) ("It is inappropriate for an appellate court to reweigh the evidence and credibility of witnesses." (citation omitted)); *Okeechobee Resorts, L.L.C., v. E Z Cash Pawn, Inc.*, 145 So. 3d 989, 993 (Fla. 4th DCA 2014) ("[W]hen contracting parties elect to adopt a term or condition . . . it is not the province of a court to second guess the wisdom of their bargain, or to relieve either party from the burden of the bargain by

2

rewriting the document." (citations omitted)).[1]

AFFIRMED.

JAY, C.J., and LAMBERT and MACIVER, JJ., concur.

———————————————

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

———————————————

---

[1] To the extent that Appellant's pro se initial brief separately argues that the trial court erred as a matter of law in its various rulings or somehow lacked jurisdiction, we have considered the arguments and, without further discussion, find them to lack merit.